Knowlton Brothers, Respondent, v. New York Air Brake Company, Appellant.— Judgment reversed and new trial granted before another referee, with costs to appellant to abide the final award of costs, upon the opinion of Foote, J., in the case of *Knowlton Brothers* v. *New York Air Brake Co.* (169 App. Div. 324), handed down herewith.  All concurred.

John Pickert, Jr., an Infant, etc., Respondent, v. Batavia Rubber Company, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide event, unless the plaintiff shall, within twenty days, stipulate to reduce the verdict to the sum of $10,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and, as so modified is, together with the order, affirmed, without costs of this appeal to either party.  Held, that the verdict is against the weight of the evidence and is excessive.  All concurred.

Frank B. Townsend, Respondent, v. Ezekiel C. Perry and Others, Appellants.— Order modified so as to require the plaintiff, as a condition of granting the new trial, to pay all costs of the action already accrued, viz., $778.96 taxed in the last judgment (less costs before notice of trial), and taxed costs of the appeal therefrom to this court and taxable costs already accrued on the appeal to the Court of Appeals, and ten dollars costs of the motion, such costs to be paid within ninety days after service of a copy of this order, with notice of entry; and as so modified the order is affirmed, without costs of this appeal to either party.  All concurred, except Kruse, P. J., and Lambert, J., who dissented and voted for reversal of the order and denial of the motion.

John K. Tretton, Respondent, v. The City of Rochester, Appellant. Elizabeth J. Tretton, Respondent, v. The City of Rochester, Appellant.— In each case judgment and order reversed and complaint dismissed, with one bill of costs in this court and costs in each case in the trial court. Held, that the notice required by section 632 of the charter of the defendant city* was not timely served, and that the corporation counsel was not authorized to waive or extend the time of service thereof upon him and the common council, even if he assumed to do so, as claimed by the plaintiff; furthermore, no waiver was pleaded.  All concurred, except Robson, J., who dissented.

Ernest Onetto, Respondent, v. Commercial Union Assurance Company, Limited, of London, Appellant.— Judgment reversed and new trial granted, with costs to appellant to abide event.  Held, that the declarations and statements testified to by plaintiff as having been made to him by defendant's local agent, Stephens, were not admissible in the absence of evidence that said agent, Stephens, had been held out by the defendant as having authority to waive the conditions of the policy requiring the

———

* See Laws of 1907, chap. 755, § 632.— [Rep.